UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 2 6 2011 ★

**BROOKLYN OFFICE**

---

UNITED STATES OF AMERICA,

- against –

MANUEL ANGEL SANTIAGO-NEGRON,

Defendant.

---

11-CR-205

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons is to be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On May 5, 2011, Manuel Angel Santiago-Negron pled guilty to a lesser-included count of a single-count indictment. The indictment charged that on or about March 2, 2011, within the Eastern District of New York, Santiago-Negron knowingly and intentionally possessed with the intent to distribute 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(ii)(II).

Santiago-Negron was sentenced on October 4, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between thirty-seven and forty-six months. The offense carried a maximum term of imprisonment of twenty years. 21 U.S.C. § 841(b)(1)(C). The maximum fine was $1,000,000. *See id.*

Santiago-Negron was sentenced to a year and a day of incarceration, and three years of supervised release. A special assessment of $100 was imposed. No fine was imposed; restitution was not ordered.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). While the offense is a serious one, the defendant is a forty-nine-year-old family man who has otherwise been law-abiding. He has four siblings, all of whom are aware of his conviction in the instant case and who remain supportive of him. He has two grown children with his first wife; although they were divorced in 1992, he and his first wife maintain a good relationship. Defendant is now and has been for almost twenty years in another relationship; he and his common-law wife are responsible for the care of her two-year-old granddaughter. Defendant was previously employed as a construction laborer until he was injured; he began a business washing cars after his injury left him unable to work in construction.

Mr. Santiago-Negron is clearly remorseful for his actions. A sentence of a year and a day of incarceration, as well as the supervised release required, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of incarceration imposed. The sentence will send a clear message that the smuggling of illegal narcotics will result in punishment. The defendant's incarceration will also serve to further the goal of specific deterrence. It is unlikely that the defendant will engage in further criminal activity in light of his family ties and his regret for his past misdeed.

Jack B. Weinstein
Senior United States District Judge

3

Dated: October 4, 2011
      Brooklyn, New York